UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X  05 CV 2697 (NG) (VVP)
ROY ESCOBAR,

                            Petitioner,

    -against-                                                         **ORDER**

PEOPLE OF THE STATE OF NEW YORK,

                            Respondent.
-------------------------------------------------------------------X

**GERSHON, United States District Judge:**

*Pro se* petitioner Roy Escobar applies to this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that (1) his 2002 conviction in state court was obtained by a plea that was not knowing and voluntary, (2) he was denied the effective assistance of counsel during the State court proceedings, and (3) deportation violates his due process rights. For the reasons set forth below, petitioner's application is dismissed as untimely.

## FACTS

On September 2, 2002, Mr. Escobar pleaded guilty in New York Supreme Court, Queens County, to criminal possession of a controlled substance in the third degree in violation of New York Penal Law § 220.16. On November 13, 2002, Mr. Escobar was sentenced to an indefinite term of imprisonment of two and one-half to seven and one-half years.[1] Mr. Escobar never appealed his

---

[1] Although Mr. Escobar has completed his state court sentence, the respondent does not contest that Mr. Escobar is in custody for habeas purposes. Mr. Escobar is now in federal custody because he faces deportation as a result of his state court conviction.

The Real ID Act of 2005 ("RIDA"), Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005) requires that an action brought pursuant to 28 U.S.C. § 2241 that challenges a final administrative order of removal be transferred to the court of appeals for the circuit in which a petition for review could have been filed pursuant to section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, as amended by RIDA § 106. RIDA does not apply

conviction. His judgment of conviction, therefore, became final on December 13, 2002.[2] On January 19, 2005, Mr. Escobar filed a motion, pursuant to New York Criminal Procedure Law § 440.10, to vacate his conviction, claiming that (1) his plea was not voluntary, (2) his counsel was ineffective for not filing a pre-trial suppression motion, and (3) his plea did not comport with the Vienna Convention. The motion was denied on April 8, 2005. Mr. Escobar then filed the instant petition for a writ of habeas corpus on May 23, 2005.

## DISCUSSION

Congress imposes a one year statute of limitations on the filing of a habeas corpus petition by a state prisoner. 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §§ 2244(d)(1)(A) - (D).

Since Mr. Escobar's judgment of conviction became final on December 13, 2002, he had until December 13, 2003 to file a habeas corpus petition, plus any time tolled under Section 2244(d)(2)

---

to this case, and transfer to the Court of Appeals is not required, because Mr. Escobar is not challenging a final order of removal. Rather, Mr. Escobar is challenging his state court conviction for criminal possession of a controlled substance in the third degree pursuant to 28 U.S.C. § 2254.

[2]Under New York law, a person convicted of a crime has thirty days from the date of his or her sentencing to file a notice of appeal. N.Y. Crim. Pro. L. § 460.10(1)(a). If no appeal is taken, the judgment of conviction becomes final upon expiration of the thirty day period.

or the doctrine of equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 15-17 (2d Cir. 2000).

Reading the petition liberally, Mr. Escobar argues that the limitations period does not begin to run until the date on which certain facts supporting his claims could have been discovered through the exercise of due diligence. In his petition Mr. Escobar does not specifically identify any facts that would delay the running of the limitations period. Moreover, the record indicates that Mr. Escobar knew or should have known of all the relevant facts underlying his habeas petition at the time of his sentencing. For example, much of Mr. Escobar's habeas petition revolves around his claims that (1) the evidence seized from his house on May 31, 2002, was allegedly obtained without a search warrant and (2) that he was unaware that his conviction could serve as a basis for removal. According to Mr. Escobar's own allegations, however, Mr. Escobar advised his trial attorney prior to his indictment that he believed that the May 31, 2002 search had been conducted without a warrant. Thus, Mr. Escobar was aware of the allegedly unlawful search at the time he pled on November 12, 2002. Furthermore, even if one were to assume for the sake of argument that Mr. Escobar had not been advised of the deportation consequences of his plea at the time of his sentencing, Mr. Escobar was placed into removal proceedings on July 16, 2003, at which point he knew or should have known that his November 2002 conviction served as the basis for removal. As a result, Mr. Escobar's instant application for a writ of habeas corpus filed on May 23, 2005–more than one year after the statute of limitations began to run–is untimely.

Nor is Mr. Escobar entitled to equitable tolling. Assuming that equitable tolling is applicable to AEDPA's statute of limitations, a habeas petitioner who seeks equitable tolling must establish that extraordinary circumstances prevented him from timely filing his petition and that he has been diligent in pursuing his rights. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Mr. Escobar simply fails to identify any facts or circumstances in his petition that would warrant

equitable tolling or a postponement of the statute of limitations' triggering date. Accordingly, the statute of limitations began to run on December 13, 2002, and Mr. Escobar's instant application for a writ of habeas corpus, filed on May 23, 2005, is untimely.[3]

## CONCLUSION

For the reasons set forth above, the instant petition for a writ of habeas corpus is dismissed as untimely. Given this result, the court need not address the other grounds of opposition to the petition set forth by respondent. Since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c).

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

Dated:     Brooklyn, New York
           May 2, 2007

---

[3]Because the statute of limitations began to run on December 13, 2002, and expired on December 13, 2003, Mr. Escobar's motion to vacate his state conviction–filed in January 2005–has no effect on calculating the limitations period.